CA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Jerry Brown )
)
_____ )
)
_____ )    10CV6104
(Name of the plaintiff or plaintiffs) )    JUDGE GETTLEMAN
)    MAG. JUDGE NOLAN
v. )
)    No._____
University of Illinois )
)    **FILED**
_____ )
)    SEP 2 3 2010
_____ )    SEP 23, 2010
(Name of the defendant or defendants) )    MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1.  This is an action for employment discrimination.

2.  The plaintiff is    Jerry Brown    of the

county of    Cook    in the state of    Illinois   .

3.  The defendant is    University of Illinois   , whose

street address is    1 Hazelwood Drive    ,

(city) Champaign (county) Champaign (state) IL  (ZIP) 61820

(Defendant's telephone number)    (217) - 333- 8940

4.  The plaintiff sought employment or was employed by the defendant at (street address)

   1010 Jorie Blvd    (city) Oak Brook

(county) DuPage  (state) IL  (ZIP code) 60523

5. The plaintiff [**check one box**]

(a)☐ was denied employment by the defendant.

(b)☐ was hired and is still employed by the defendant.

(c)☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)__*May*__, (day)__*1*__, (year)__*2007*__.

**7.1 _(Choose paragraph 7.1 or 7.2, do not complete both.)_**

     (a) The defendant is not a federal governmental agency, and the plaintiff [*check*

*one box*] ☐ *has not*     filed a charge or charges against the defendant
☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

    (i)    ☒ the United States Equal Employment Opportunity Commission, on or about

(month)__*April*__ (day)__*21*__ (year)__*2009*__.

    (ii)    ☒ the Illinois Department of Human Rights, on or about

(month)__*April*__ (day)__*21*__ (year)__*2009*__.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☒ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

☐     Yes (month)_____ (day)_____ (year) _____

☐     No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____ .

(c)     Attached is a copy of the

     (i) Complaint of Employment Discrimination,

     ☐ YES     ☐ NO, but a copy will be filed within 14 days.

     (ii) Final Agency Decision

     ☐ YES     ☐ NO, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐     the United States Equal Employment Opportunity Commission has not issued

         a *Notice of Right to Sue.*

    (b) ☒     the United States Equal Employment Opportunity Commission has issued a

         *Notice of Right to Sue*, which was received by the plaintiff on

         (month) June (day) 28 (year) 2010 a copy of which

         *Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☒   Age (Age Discrimination Employment Act).

    (b) ☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d)☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f)☒ Religion (Title VII of the Civil Rights Act of 1964)

(g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant [*check only those that apply*]

(a)☐ failed to hire the plaintiff.

(b)☒ terminated the plaintiff's employment.

(c)☐ failed to promote the plaintiff.

(d)☐ failed to reasonably accommodate the plaintiff's religion.

(e)☐ failed to reasonably accommodate the plaintiff's disabilities.

(f)☐ failed to stop harassment;

(g)☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h)☐ other (specify):_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_See_____attached____complaint_

_at___law._

_____

_____

_____

_____

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

5

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_Jerry C Brown_

(Plaintiff's name)

_Jerry   C   Brown_

(Plaintiff's street address)

_1520   Lee   Blvd_

_____

(City) _Berkeley_ (State) _IL_ (ZIP) _60163_

(Plaintiff's telephone number) (_708_) – _544-2994_

Date: _September 23, 2010_

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY BROWN,　　　　　　　　　　　　）
　　　　　　Plaintiff,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　　　）　　No. _____
　　　　　　　　　　　　　　　　　　　　　）
UNIVERSITY OF ILLINOIS,　　　　　　）　　JURY TRIAL DEMANDED
　　　　　　Defendant.　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）

**COMPLAINT AT LAW**

Now comes the Plaintiff, JERRY BROWN, Pro Se, 1520 Lee Boulevard, Berkeley, IL 60163, and hereby submits this complaint against the defendant, the UNIVERSITY OF ILLINOIS.

**JURISDICTION AND VENUE**

1. This is an action brought to remedy discrimination on the basis of race, religion, age, national origin, retaliation and ancestry/ethnicity in the terms, conditions and privileges of employment including unlawful discharge and to remedy injuries suffered by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e(f), (g) and (k) et seq.

3. Plaintiff, Jerry Brown, a Black engineer employed with the Illinois Waste Management and Research Center (WMRC) whose national origin is African-American, filed a Charge of Discrimination against WMRC with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about April 21, 2009, (Charge No. 440-2009-04136) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix A].

4. On or about June 22, 2010, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendant in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix B].

5. Plaintiff Jerry Brown has complied fully with all the prerequisites to jurisdiction in the Court under Title VII. The court has original federal question jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

6. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

**PARTIES**

7. Plaintiff Jerry Brown was an Associate Professional Scientist with the Illinois Sustainable Technology Center (ISTC), a department within the University of Illinois (U of I) [formerly known as the Waste Management and Research Center (WMRC), a department within the Illinois Department of Natural Resources (IDNR)]. Plaintiff was hired by WMRC in November 1994. WMRC was one of five scientific surveys within IDNR. On or about July 1, 2008, WMRC was transferred from IDNR to U of I and renamed the Illinois Sustainable Technology Center (ISTC). ISTC and WMRC will be used interchangeably and will mean the same organization.

8. Defendant is the University of Illinois (U of I). All actions alleged in this complaint which were taken by any persons, agents, or employees of U of I took place within the scope of their authority given them by U of I pursuant to those agents' and employees' official capacities and responsibilities.

9. Defendant U of I is an "employer" within the meaning of Title VII, its actions are governed by Title VII, and it employs more than 500 employees in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. 2000e(b) and 1981a(b)(3).

**STATEMENT OF CLAIM**

10. Plaintiff's initial salary was significantly below market salaries for Plaintiff's qualifications and also significantly below the salaries of similarly educated and experienced

engineers working at WMRC. During the time Plaintiff worked for WMRC, Plaintiff's salary rose less than the rate of inflation. Other professional employees (non-Black) with WMRC received significant salary increases through the promotion process and through regular annual salary increases. Plaintiff was the only professional engineer that was treated differently. Plaintiff is a Black male.

11. Plaintiff worked in the Pollution Prevention (P2) Group of WMRC. The P2 Group's Manager is Dr. Timothy Lindsey. At the time of the events of this complaint, Plaintiff's immediate supervisor was Debra Jacobson.

12. On or about July 1, 2008, Plaintiff learned that he was being discharged as part of a reduction in force. Plaintiff was the only employee discharged from the Chicago area (Oak Brook) office. Plaintiff was the only employee discharged from the Pollution Prevention (P2) Group. Plaintiff was the only employee discharged within the entire WMRC organization whose position was not duplicated in the new parent organization that combined all five scientific surveys. Plaintiff was the only Black (African-American) employee within the WMRC organization. Plaintiff filed a discrimination complaint with EEOC and IDHR on or about April 21, 2009.

## FIRST CAUSE OF ACTION

13. Plaintiff incorporates the allegations of paragraphs 1 through 12 above and, in addition, states that Defendant has a disparate pay system, repeatedly downgraded Plaintiff's performance evaluations, repeatedly failed to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level, which constitutes willful discrimination, and did illegally discharge Plaintiff on account of Plaintiff's race, religion, national origin, age and ancestry/ethnicity in violation of Title VII, 42 U.S.C. 2000(e) et seq.

## SECOND CAUSE OF ACTION

14. Plaintiff incorporates the allegations of paragraphs 1 through 13 above and, in addition, states that Defendant's conduct constitutes willful and illegal discrimination on account

of and in retaliation for Plaintiff filing previous complaints of race, national origin, ancestry/ethnicity and unequal pay discrimination in violation of Title VII, 42 U.S.C. 2000(e) et seq.

WHEREFORE Plaintiff JERRY BROWN respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against Defendant for the following relief:

1. that the court find and declare that the Defendant engaged in race, religion, age, national origin and ancestry/ethnicity discrimination against the Plaintiff by unlawfully discharging Plaintiff;

2. that the court find and declare that the Defendant engaged in wrongful and illegal retaliation against the Plaintiff for exercising his lawful right to complain of discrimination against the Defendant by filing charges of race, religion, age, national origin, ancestry/ethnicity and unequal pay with the IDHR and EEOC and by filing Complaints At Law against the Defendant with the U.S. District Court;

3. that the court order Defendant to re-employ Plaintiff;

4. that the court order the Defendant to pay the Plaintiff in accordance to the pay scale afforded to non-Black employees, a salary that he would have been paid had he not been the victim of race, religion, age, national origin, ancestry/ethnicity and unequal pay discrimination;

5. that the court order full back pay at the rate of compensation Plaintiff would have achieved had he not been the victim of wrongful discrimination on account of his race, religion, age, national origin, ancestry/ethnicity and unequal pay, plus interest;

6. that the court order full and complete compensatory damages for the violation of the Plaintiff's rights to be free from race, religion, age, national origin, ancestry/ethnicity and unequal pay discrimination including monetary damages for pain, suffering, humiliation, damage to Plaintiff's reputation, and loss of economic advantages and opportunities he would have gained if he had not been discriminated against;

7. that the court award attorneys fees and costs in prosecuting and pursuing relief for the unlawful discrimination alleged herein;

- 5 -

8. that the court award any other relief which is equitable and just.

Respectfully submitted,

Jerry C. Brown
Pro Se

1520 Lee Boulevard
Berkeley, IL  60163
(708) 544-2994

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2009-04136 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Jerry Brown** | **(708) 544-2994** | **02-16-1953** |

Street Address — City, State and ZIP Code

**1520 Lee Blvd, Berkeley, IL 60163**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **ILLINOIS SUSTAINABLE TECHNOLOGY CENTER/UNIVERSITY OF ILLINOIS** | **500 or More** | **(217) 333-8940** |

Street Address — City, State and ZIP Code

**One E. Hazelwood, Champaign, IL 61820**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WASTE MANAGEMENT & RESEARCH CENTER/ ILLINOIS DEPT OF NATURAL RESOURCES** | **500 or More** | **(217) 333-8940** |

Street Address — City, State and ZIP Code

**One E. Hazelwood, Champaign, IL 61820**

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: **09-30-2008**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for Respondent in November 1994. My most recent position was Manufacturing Process Engineer. During my employment, I engaged in protected activity. On or around July 7, 2008, I was informed that I would be discharged effective September 30, 2008. During my employment, I was paid unequal wages.

I believe that I have been discriminated against because of my race, Black, religion, Christian, and national origin, American, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against because of my age, 55 (d.o.b. 2/16/1953), in violation of the Age Discrimination in Employment Act of 1967, as amended.

RECEIVED EEOC
APR 2 1 2009
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

4-21-09  *Jerry C. Brown*
Date / Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

APPENDIX A

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jerry C. Brown<br>1520 Lee Blvd<br>Berkeley, IL 60163 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

**CERTIFIED MAIL 7010 0780 0001 7853 4197**      CP

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-04136 | Teresa Napier,<br>Investigator Support Asst | (312) 886-5398 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe         6/02/10

Enclosures(s)

**John P. Rowe,**
**District Director**      *(Date Mailed)*

cc:

**ILLINOIS SUSTAINABLE TECHNOLOGY CENTER/UNIVERSITY OF ILLINOIS**

APPENDIX B