IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 6104 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Jerry Brown filed a two-count complaint against defendant University of Illinois, his former employer, alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000(e) et seq. According to plaintiff's complaint, in 1994 he began working at what is now known as the Illinois Sustainable Technology Center and was continuously employed there until September 2008.[1] On July 8, 2008, he learned that, as part of a reduction in force, he would be discharged on September 30 of that year. Plaintiff claims that because of his race (African-American), religion (Christian), national origin (American), age (55 at the time of his discharge), and ancestry/ethnicity (neither the complaint nor the EEOC charge specify what those are), and in retaliation for his previous complaints of discrimination, defendant paid him less than it did similarly situated employees of other races, downgraded his performance evaluations, and then discharged him.

---

[1] This department was previously known as the Waste Management and Research Center and was managed by the Illinois Department of Natural Resources. On July 1, 2008, defendant assumed control of it and it became known as the Illinois Sustainable Technology Center. 110 ILCS 415/30.

After filing an unsuccessful summary judgment motion contending that plaintiff's complaint was untimely, defendant answered the complaint. Two months later, defendant filed the instant motion to dismiss, arguing that because all of plaintiff's claims could have been raised in previous Title VII suits plaintiff had filed against defendant's predecessor, they are now barred by the doctrine of res judicata.

Defendant invokes Rules 8(c), 12(b)(1), (d), and (f). Because, however, res judicata—an affirmative defense—is not jurisdictional, see White v. Elrod, 816 F.2d 1172, 1175 (7th Cir. 1987), it is not an appropriate subject for a 12(b)(1) motion, which is also inappropriate because defendant has already filed an answer.[2] Rule 12(d) is also inapposite. That subsection applies only to 12(b)(6) and (c) motions, neither of which defendant claims to be bringing. Further, because evaluating the merits of defendant's motion does not require the court to look beyond the complaint and matters of which it may take judicial notice—that is, plaintiff's previous pleadings and the court orders resolving the previous litigation—it would be unnecessary to convert the motion into a Rule 56 summary judgment motion. See Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-82 (7th Cir. 1997) (invoking the well-settled principle that another court's decision is a proper subject of judicial notice). Rule 12(f), moreover, is entirely irrelevant to defendant's motion, which does not request that the court strike from plaintiff's complaint "an insufficient defense or any redundant, impertinent, or scandalous matter." And finally, Rule 8(c) is not an avenue for a defense motion; it merely

---

[2] The court notes that this is the second time in this case that defendant has brought a non-jurisdictional motion under the auspices of Rule 12(b)(1). See Dkt. 42, Memorandum Opinion and Order, p. 3.

requires a party to list its affirmative defenses in its answer (which, before filing the instant motion, defendant had already done).

Defendant's motion might have been more properly brought under Rule 12(b)(6). See Arlin-Golf, LLC v. Village of Arlington Heights, 631 F.3d 818 (7th Cir. 2011) (affirming district court's granting of Rule 12(b)(6) motion to dismiss based on res judicata). But defendant has already answered the complaint, and "[i]f the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer." Wright & Miller, Federal Practice & Procedure: Civil 3d § 1361, at 92 (2004). Although "[a] Rule 12(b)(6) motion to dismiss made after an answer has been filed can be considered as a 12(c) motion for judgment on the pleadings," defendant has not filed a Rule 12(b)(6) motion or asked the court to construe its motion as such. Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 470 n.2 (7th Cir. 1997). Thus, the court would need to first convert the "8(c), 12(b)(1), (d) and (f)" motion into a 12(b)(6) motion, and then convert that into a 12(c) motion. Or, more simply, defendant could have avoided these complications by filing its motion under Rule 12(c) in the first instance. See Carr v. Tillery, 591 F.3d 909, 913 (7th Cir. 2010) (citations omitted) ("Since res judicata is an affirmative defense, the defendant should raise it and then move for judgment on the pleadings under Rule 12(c)."). But defendant did not do so. Unlike Rule 12(d)'s requirement that the court construe a 12(b)(6) or 12(c) motion as a motion for summary judgment if it considers matters outside the pleadings, no rule requires the court to construe defendant's submission as a Rule 12(c) motion.

Even if the court were to perform the contortions necessary to reach the substance of defendant's motion, it is meritless. Res judicata bars litigation of claims that have already been

litigated, or that "could have been litigated but were not," in another lawsuit involving the same parties (or their privies) and the same operative facts, if that suit has reached final judgment on the merits. Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011). Defendant insists that this lawsuit is based on the same operative facts as several earlier Title VII lawsuits, raising failure-to-promote, unequal pay, and retaliation claims, that plaintiff acknowledges he has litigated (unsuccessfully so far, though one is still on appeal) against defendant's predecessor, the Illinois Department of Natural Resources ("IDNR"). But just because, as defendant asserts, "there have been three prior judgments on claims related to [plaintiff's] employment" and "the causes of action are identical because they all allege discrimination and retaliation," that does not mean that those allegations were based on the same facts as the instant case. Indeed, most of those cases concluded well before plaintiff discovered he was to be terminated, and thus could not have been "based on the same, or nearly the same, factual allegations." Czarniecki v. City of Chicago, 633 F.3d 545, 550 (7th Cir. 2011) (quoting Brzostowski v. Laidlaw Waste Systs., Inc., 49 F.3d 337, 339 (7th Cir. 1995) (internal quotation marks omitted)). Only one of these lawsuits is even arguably relevant to defendant's res judicata defense: the most recent one, 07 CV 7080, in which plaintiff filed an amended complaint in August 2008, a month after learning of his impending termination.

      The amended complaint in that case, over which Judge Zagel presided, alleged that the IDNR had discriminated against plaintiff based on his race, ancestry/ethnicity, religion, and age, and that IDHR had subjected him to different terms and conditions of employment in retaliation for his engaging in protected activity. Defendant argues that when plaintiff learned that he was slated to be terminated, he should have filed a charge with the Equal Employment Opportunity

4

Commission ("EEOC") and moved to stay the case before Judge Zagel pending the EEOC's resolution of that charge. Defendant assumes that, having been issued a right-to-sue notice, plaintiff would then have been required to file a second amended complaint in Judge Zagel's case to add any claims he had regarding his termination. But this assumption reflects an overbroad understanding of the res judicata doctrine. Even though plaintiff could have proceeded in this fashion—his argument to the contrary is unconvincing—he was not required to do so.

The "same operative facts" requirement means that when a plaintiff wants to sue under different theories for the same harm, he must bring all of those claims in one action. For example, in Czarniecki, the recent opinion on which defendant heavily relies, the Seventh Circuit agreed with the district court's conclusion that a plaintiff needed to bring 42 U.S.C. § 1983 and Title VII claims together when both involved "essentially the same allegations [ ]: that the City of Chicago dismissed him as a probationary police officers on the basis of national origin discrimination." 633 F.3d at 549. But here, plaintiff is not attempting to use two different legal theories to challenge one incident. He is, rather, doing the opposite: alleging two claims based on the same theory of liability, each of which challenges different conduct.

If defendant had pointed to aspects of plaintiff's complaint involving facts that he previously challenged—if, for example, defendant had not made a separate decision regarding plaintiff's salary between the earlier lawsuit's time period (September 12, 2006, and February 9, 2008) and the period of time challenged in the instant case—it might have a colorable res judicata defense. To the extent that plaintiff is challenging such conduct, those claims are indeed barred by res judicata. Plaintiff is free, however, to challenge new conduct, such as the

5

elimination of his position, that violates the same statute under which he brought a previous claim. Defendant's theory would mean that whenever an employer continuously violates Title VII in new and different ways, a plaintiff would be unable to litigate his claims without giving up the right to sue for the most recent conduct. He would need to file a lawsuit and then seek stay after stay while he filed successive EEOC charges and amended complaints ad infinitum. This is not what the law requires.

Defendant's confusion stems from a mistaken belief that there is a freestanding principle that a party cannot litigate issues it could have raised in a previous lawsuit. But res judicata is triggered only if three requirements—an identity of the parties, an identity of the causes of action, and a final judgment on the merits—are met. See Highway J Citizens Group v. United States Dep't of Transp., 456 F.3d 734, 741 (7th Cir. 2006). An identity of claims exists only when "the central factual issues are identical." Brzostowski, 49 F.3d at 339. Defendant fails to acknowledge this basic point of law, instead using its reply brief to criticize plaintiff, who is acting pro se. Defendant criticizes plaintiff for failing to cite case law (perhaps forgetting that at the December 22, 2011, hearing on defendant's motion, the court instructed plaintiff to simply explain his position "in [his] own words . . . in a written form") and for ignoring Czarniecki, which is a sensible criticism only because that opinion actually supports plaintiff's, not defendant's, position.

Thus, for the forgoing reasons, defendant's motion to dismiss is denied.

**ENTER:** February 14, 2012

_____
Robert W. Gettleman

6

**United States District Judge**