**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JERRY BROWN,

                Plaintiff,

      v.

UNIVERSITY OF ILLINOIS,

                Defendant.

Case No.: 10 C 6104

Judge:      John Tharp

Magistrate Judge:   Mary Rowland

**EXHIBIT 6**

**PLAINTIFF'S AMENDED COMPLAINT, 7/28/11, PAR. 14**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

AUG – 8 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| | | |
|---|---|---|
| JERRY BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 7080 |
| | ) | |
| ILLINOIS DEPT. OF NATURAL RESOURCES, | ) | Honorable James B. Zagel |
| Defendant. | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |

## FIRST AMENDED COMPLAINT

Now comes the Plaintiff, JERRY BROWN, Pro Se, 1520 Lee Boulevard, Berkeley, IL 60163, and as his First Amended Complaint, states as follows:

## JURISDICTION AND VENUE

1.  This is an action brought to remedy discrimination on the basis of race, religion, age, national origin and ancestry/ethnicity in the terms, conditions and privileges of employment and to remedy injuries suffered by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Civil Rights Act of 1991 ("Title VII").

2.  Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. 2000e(f), (g) and (k) et seq.

3.  Plaintiff, Jerry Brown, a Black engineer employed with the Illinois Waste Management and Research Center (WMRC) whose national origin is African-American, filed a Charge of Discrimination against WMRC with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about July 6, 2007, (Charge No. 440-2007-06205) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix A].

4. On or about September 21, 2007, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendant in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix B].

5. Plaintiff filed another Charge of Discrimination against Illinois Department of Natural Resources (IDNR) with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR) on or about February 29, 2008, (Charge No. 440-2008-03551) complaining of the acts of discrimination alleged herein. [Charge of Discrimination is Attached hereto as Appendix C].

6. On or about June 6, 2008, the EEOC issued a Dismissal and Notice of Rights Letter allowing the Plaintiff to sue the Defendant in federal court. [Dismissal and Notice of Rights Letter is Attached hereto as Appendix D].

7. Plaintiff Jerry Brown has complied fully with all the prerequisites to jurisdiction in the Court under Title VII. The court has original federal question jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

8. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, venue is proper in this District.

## PARTIES

9. Plaintiff Jerry Brown is an Associate Professional Scientist with the Illinois Waste Management and Research Center (WMRC), a department within IDNR. Plaintiff was hired by WMRC in November 1994.

10. Defendant is the Illinois Department of Natural Resources (IDNR), a department of the State of Illinois. All actions alleged in this complaint which were taken by any persons, agents, or employees of IDNR took place within the scope of their authority given them by the State of Illinois and pursuant to those agents' and employees' official capacities and responsibilities.

11. Defendant IDNR is an "employer" within the meaning of Title VII, its actions are governed by Title VII, and it employs more than 500 employees in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. 2000e(b) and 1981a(b)(3).

## STATEMENT OF CLAIM

12. Plaintiff has been employed by WMRC, a division of IDNR, a department of the State of Illinois since November 1994. Plaintiff's initial salary was already significantly below market salaries for Plaintiff's qualifications and also significantly below the salaries of similarly educated and experienced engineers working at WMRC. During the time Plaintiff has worked for WMRC, Plaintiff's salary has risen less than the rate of inflation, according to Plaintiff's calculations. Other professional employees (non-Black) with WMRC have received significant salary increases through the promotion process and through regular annual salary increases. Plaintiff is the only professional engineer that has been treated differently. Plaintiff is a Black male.

13. Plaintiff works in the Pollution Prevention (P2) Group of WMRC. The P2 Group's Manager is Dr. Timothy Lindsey. At the time of the events of this complaint, Plaintiff's immediate supervisor was Debra Jacobson.

14. WMRC's refusal to pay Plaintiff on par with non-Black staff members led Plaintiff to file internal grievances and complaints at law against WMRC. Despite satisfactorily completing work assignments, on or about October 2006, Plaintiff's supervisor downgraded Plaintiff's performance evaluation based on unfounded, speculative reasoning and untrue statements. When Plaintiff challenged the evaluation and refuted it with facts, Plaintiff's supervisor refused to reply, saying that the matter was closed and leaving the unfounded and inaccurate statements in Plaintiff's file.

15. Plaintiff filed a grievance with WMRC upper management. A review of the matter by WMRC upper management found no "unjust or injurious interpretation or appplication of any policy, procedure or rule" on the part of WMRC management. Plaintiff filed a discrimination charge on or about July 6, 2007.

16. On or about February 2008, Plaintiff learned that WMRC had provided salary increases to select staff members in May 2007. Since the 2007 salary increases were not to be awarded until the fall of the year, the May increases would have been based on the 2006 performance evaluations when Plaintiff's evaluation was discriminately downgraded. Plaintiff filed a discrimination complaint with EEOC on or about February 29, 2008.

## FIRST CAUSE OF ACTION

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 above and, in addition, states that Defendant has a disparate pay system and Defendant's conduct in repeatedly downgrading Plaintiff's performance evaluation and in repeatedly failing to pay Plaintiff in line with other non-Black employees with similar education, experience and demonstrated skill level constitutes willful and illegal discrimination (unequal pay) on account of Plaintiff's race, religion, age, national origin and ancestry/ethnicity in violation of Title VII, 42 U.S.C. 2000(e) et seq.

## SECOND CAUSE OF ACTION

18. Plaintiff incorporates the allegations of paragraphs 1 through 17 above and, in addition, states that Defendant's conduct constitutes willful and illegal discrimination on account of and in retaliation for Plaintiff filing previous complaints of race, national origin, and ancestry/ethnicity discrimination in violation of Title VII, 42 U.S.C. 2000(e) et seq.

WHEREFORE Plaintiff JERRY BROWN respectfully requests and prays that this Court enter judgment in favor of the Plaintiff and against Defendant for the following relief:

1. that the court find and declare that the Defendant engaged in race, religion, age, national origin and ancestry/ethnicity discrimination against the Plaintiff in denying Plaintiff equal pay consistent with that of non-Blacks of similar education, experience and job accomplishments;

2. that the court find and declare that the Defendant engaged in wrongful and illegal retaliation against the Plaintiff for exercising his lawful right to complain of discrimination against the Defendant by filing charges of race, religion, age, national origin and

ancestry/ethnicity with the IDHR and EEOC and by filing Complaints At Law against the Defendant with the U.S. District Court;

3. that the court order the Defendant to pay the Plaintiff in accordance to the pay scale afforded to non-Black employees, a salary that he would have been paid had he not been the victim of race, religion, age, national origin and ancestry/ethnicity discrimination;

4. that the court order full back pay at the rate of compensation Plaintiff would have achieved had he not been the victim of wrongful discrimination on account of his race, religion, age, national origin and ancestry/ethnicity, plus interest;

5. that the court order full and complete compensatory damages for the violation of the Plaintiff's rights to be free from race, religion, age, national origin and ancestry/ethnicity discrimination including monetary damages for pain, suffering, humiliation, damage to Plaintiff's reputation, and loss of economic advantages and opportunities he would have gained if he had not been discriminated against;

6. that the court order WMRC to make its promotion process and salary process clear to all its employees and that WMRC post notices for all open positions within its organization;

7. that the court order WMRC to actively seek to hire more minority employees and that WMRC pay its minority staff at levels consistent with its non-minority employees for similar experience levels, education levels, responsibilities, job functions and job performance;

8. that the court award attorneys fees and costs in prosecuting and pursuing relief for the unlawful discrimination alleged herein;

9. that the court award any other relief which is equitable and just.

Respectfully submitted,

Jerry C. Brown
Pro Se

1520 Lee Boulevard
Berkeley, IL 60163
(708) 544-2994

# CHARGE OF DISCRIMINATION

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s):

440-2007-06205

Illinois Department Of Human Rights

_State or local Agency, if any_ and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jerry C. Brown | (708) 544-2994 | 02-16-1953 |

Street Address
1520 Lee Blvd., Berkeley, IL 60163          City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| IL WASTE MANAGEMENT & RESEARCH | 500 or More | (630) 472-5016 |

Street Address
1010 Jorie Blvd. Suite 12,  Oak Brook, IL 60523          City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address
          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [X] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  10-06-2006
Latest  07-06-2007

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in or around November 1994, and my current position is Manufacturing Process Engineer. I engaged in protected activity. As a result, I have been subjected to different terms and conditions of employment.

I believe I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JUL 06 2007

CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Jul 06, 2007          _Jerry C. Brown_
Date          Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jerry C. Brown<br>1520 Lee Blvd.<br>Berkeley, IL 60163<br><br>CERTIFIED MAIL  7099 3400 0018 8818 6497 | From: **Chicago District Office**<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No.<br><br>440-2007-06205 | EEOC Representative<br>**Emily McFarlin,**<br>**Investigator** | Telephone No.<br><br>**(312) 353-7312** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☐ | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| ☐ | While reasonable efforts were made to locate you, we were not able to do so. |
| ☐ | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____          9/21/07
**John P. Rowe,**                                                                (Date Mailed)
**District Director**

Enclosures(s)

cc:       IL WASTE MANAGEMENT & RESEARCH

*APPENDIX B*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 440-2008-03551 |

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)
Mr. Jerry C Brown

HOME TELEPHONE (Include Area Code)
708-544-2994

STREET ADDRESS
1520 Lee Blvd

CITY, STATE AND ZIP CODE
Berkeley, IL 60163

DATE OF BIRTH
02-16-195

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME Illinois Dept of Natural Resources (WMRC)

NUMBER OF EMPLOYEES, MEMBERS
500+

TELEPHONE (Include Area Code)
217-333-8940

STREET ADDRESS
One E. Hazelwood

CITY, STATE AND ZIP CODE
Champaign, IL 61820

COUNTY
Champaign

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☒ AGE
☒ RETALIATION ☒ NATIONAL ORIGIN ☐ DISABILITY ☒ OTHER (Specify)
Ancestry / Ethnicity

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)        LATEST (AL
May 10, 2007

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheets):

See attached documentation.
1) Intake form
2) Charging Party Statement of Jerry C Brown
3) Minutes of BNRC May 17, 2007 meeting
4) Request for Class Action Investigation

RECEIVED EEOC
FEB 29 2008
CHICAGO DISTRICT OFFICE

Page 1 of 2 (Continued)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

2-29-08    Jerry C Brown
Date        Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

APPENDIX C

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **440-2008-03551** |
| State or local Agency, if any | and EEOC |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Page 2 of 2

I was hired by the Respondent in November 1994. I am employed as a Manufacturing Process Engineer. During my employment, I engaged in protected activity. I was subjected to different terms and conditions of employment.

I believe that I have been discriminated against because of my race, Black; national origin, and ancestry/ethnicity, African American; religion; and retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age, 55 (d.o.b.: 2/16/1953), in violation of the Age Discrimination in Employment Act of 1967.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| _____    _____<br>Date                     Charging Party Signature | |



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC") at the address above. REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses may delay further processing of your questionnaire by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a."

**(PLEASE PRINT)**
1. Personal Information

Last Name: **Brown** , First Name: **Jerry** MI: **C**

Street or Mailing Address: **1520 Lee Blvd** Apt Or Unit #: _____

City: **Berkeley** County: **Cook** State: **IL** Zip: **60163**

Phone Numbers: Home: (**708**) **544 - 2994** Work: (**630**) **472 - 5017**

Cell: (**708**) **288 - 6744** Email Address: **jeremiah-b-1999@yahoo.com**

Date of Birth: **02-16-53** Sex: Male **X** Female Race: **Black**

National Origin / Ethnicity **African American** Do You Have a Disability? Yes (**No**)

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: **Mary Brown** Relationship: **mother**

Address: **10819 S. Wabash**

City: **Chicago** State: **IL** Zip: **60628** Home Phone: (**773**) **995 - 0610**

Other Phone: ( )

I believe that I was discriminated against by the following organization(s): (Check those that apply)

Employer **X** Union_____ Employment Agency_____ Other (Please Specify) _____

2. Organization Contact Information

Organization #1 Name: **Illinois Dept of Natural Resources (WMRC)**

Address: **One E Hazelwood**

City: **Champaign** State: **IL** Zip: **61820** Phone: (**217**) **333 - 8940**

Type of Business: **State agency** Job Location if different from Org. **WMRC Oak Brook Office**

Address: **Suite 12 1010 Jorie Blvd**

City: **Oak Brook** State: **IL** Zip: **60523** Phone: (**630**) **472 - 5017**

Human Resources Director or Owner

Name: **Katie Day** Phone: (**217**) **333 - 8940**

Number of Employees in the Organization at All Locations: Please Check ( ✓ ) One

Less Than 15 _____ 15 – 100 _____ 101 – 200 _____ 201 – 500 _____ More than 500 __X__

Organization #2 Name: _____

Address: _____

City: _____ State: _____ Zip: _____ Phone :(___) _____

Type of Business: _____ Job Location if not at Org. _____

Address: _____ City: _____ State: _____ Zip: _____

Human Resources Director or Owner Name: _____ Phone: (___) _____

Number Of Employees In The Organization At All Locations: please check ( ✓ ) one

Less Than 15 _____ 15 – 100 _____ 101 – 200 _____ 201 – 500 _____ More 500 _____

3. Your Employment Data (Complete as many items as you can)

Date Hired: _November___ _1994_ Job Title At Hire: _Manufacturing Process Engineer_

Pay Rate When Hired: _43,000_ Last or Current Pay Rate: _61,072_

Job Title at Time of Alleged Discrimination: _Manufacturing Process Engineer_

Name and Title of Immediate Supervisor: _Debra Jacobson_

IF Applicant, Date You Applied for Job: _Oct/Nov 1994_ Job Title Applied For: _Environmental Engineer_

4. What is the reason (basis) for your claim of employment discrimination?

FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check ( ✓ ) AGE. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check ( ✓ ) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check ( ✓ ) RETALIATION

Race _X_ Sex ___ Age ___ Disability _X_ National Origin ___ Color _X_ Religion ___ Retaliation _X_

Pregnancy ___ Other reason (basis) for discrimination (Explain). _Ancestry / Ethnicity_

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you. (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)

A) Date: _May 17, 2007_ Action: _WMRC/IDNR granted salary increases to other staff members while denying salary increase for Complainant (Charging_ _See attached Charging Party Statement._
Name and Title of Person(s) Responsible: _Charging Party Statement._ (Charging Party

B) Date: _____ Action: _____

_____

Name and Title of Person(s) Responsible _____

Describe any other actions you believe were discriminatory.

*See attached charging party statement.*

_____

_____

_____

_____ (Attach additional pages if needed to complete your response.)

6. What reason(s) were given to you for the acts you consider discriminatory?   By whom?        Title?

_____

_____

_____

7. Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.

Full Name Job Title Description

1. *Tyler Rubach*

2. *Riyaz Shipchandler*

3. *Margaret Morrison*

4. *Randell Wahlfeldt*

*All were treated better. All were given salary increases.*

Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.

8. Please check ( ✓ ) all that apply:        _____ Yes, I have an actual disability
                                            _____ I have had an actual disability in the past
                                            _____ No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).

_____

_____

_____

10. Did you ask your employer for any assistance or change in working condition because of your disability?

YES _____     NO _____

Did you need this assistance or change in working condition in order to do your job?

YES _____     NO _____

If "YES", when? _____ To whom did you make the request? Provide full name

of person _____ How did you ask (verbally or in writing)?

Describe the assistance or change in working condition requested?

_____

_____

_____

11. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.

NAME JOB TITLE ADDRESS & PHONE NUMBER

   A. _____

NAME JOB TITLE ADDRESS & PHONE NUMBER

   B. _____

NAME JOB TITLE ADDRESS & PHONE NUMBER

   C. _____

12. Have you filed a charge previously in this matter with EEOC or another agency?     YES ____     NO _X_

13. If you have filed a complaint with another agency, provide name of agency and date of filing:

_____

14. Have you sought help about this situation from a union, an attorney, or any other source?

YES ____     NO _X_ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

_____

Signature _Jerry C Brown_          Today's Date _2-29-08_

If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Please make a copy of this form for your records before mailing.

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).

2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).

4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary in carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

## CHARGING PARTY STATEMENT
### of Jerry C. Brown

I began employment with WMRC, a part of the Illinois Department of Natural Resources (IDNR), in November 1994. Despite my leading the Oak Brook office in securing and successfully implementing projects with more Illinois companies than any other staff member in the Pollution Prevention (P2) Group, WMRC refused to promote me, while promoting other members of the P2 Group. In 2000, I filed a grievance and an EEOC complaint because WMRC refused to promote me. In 2001, WMRC promoted a Caucasian member of the Oak Brook office to office supervisor. That person had less experience at WMRC and less education than I did. I filed a lawsuit in federal court in 2002 and amended my EEOC complaint to include that failure to promote.

In 2003 and 2004, WMRC verbally stated that although I was eligible for promotion, they could not promote me due to a hiring and salary freeze. Since WMRC continued to hire staff despite the freeze, I filed another EEOC complaint alleging discrimination because WMRC failed to promote me in 2004. In 2005, I filed another lawsuit in federal court. I later learned that WMRC's sister organization (the Natural History Survey) promoted 5 employees in 2003 although they were under the same Governor's hiring and promotion freeze as WMRC.

In December 2005, WMRC promoted me. The salary increase was far below the percentage salary increases that other WMRC staff members had received in the past. In April 2006, I filed a complaint with the Illinois Department of Human Rights. The case is currently before the Illinois Human Rights Commission.

The Oak Brook office supervisor who was promoted in 2001 went on disability due to illness in early 2005. In March 2006, WMRC management stated that they would seek to fill the office supervisor position with an existing Oak Brook office staff member. The requirements were somewhat ambiguous. On April 10, 2006, WMRC awarded the position to another Caucasian person with less WMRC experience and less engineering experience. The person was not even a part of the P2 Group when the position became open, although she had worked in the P2 Group previously. She has now become part of the P2 Group. I filed a complaint with EEOC and was granted a right to sue letter. In 2007, I filed suit in federal court regarding this incident.

On October 6, 2006, WMRC management continued to downgrade my job performance evaluation by including subjective comments with no supporting documentation. I asked for specific reasons or some justification for the comments made, but WMRC management refused to provide any. I filed an internal grievance and refuted the items on my job performance evaluation. In May 2007, the IDNR Human Resources Coordinator did not find any "unjust or injurious interpretation or application of any policy, procedure or rule" on the part of WMRC management. I filed a complaint with EEOC in July 2007 and was later granted a right to sue letter.

Recently, I learned that WMRC provided salary increases to select staff members in May 2007, although staff was lead to believe that there were no salary increases for 2006 following the Illinois Governor's lifting of the salary freeze in December 2005. The Board of Natural Resources and Conservation approved the salary increases. WMRC management provided salary increases to select staff members (all non-Black) in a private manner while publicly stating that they were unable to provide salary increases for staff members. By doing so, WMRC management is treating non-Black staff members better than they are treating Black staff members. By keeping salaries of Black staff members low, WMRC management is seeking to force Black staff to leave. When inflation is taken into account, my current salary is lower now than it was when I started at WMRC. Furthermore, WMRC started me at a salary that was lower than my contemporaries with similar education and experience. No one else at WMRC has been placed in this type of position. Despite my continuing to have excellent recommendations from the client companies I work with, WMRC refuses to acknowledge that I am an excellent worker and goodwill ambassador for the organization.

WMRC management publicly stated that there were no raises for the year. WMRC management continued to downgrade my performance evaluations with no justification for doing so and refused to answer my questions about the evaluation, stating that management was only required to add my comments to my personnel file. This avoids any type of timely evaluation of the facts that could prove favorable to me presently and in the future. This also allows WMRC to "justify" providing salary increases to other staff members, while continuing to pay me a salary that is much lower than any other staff members with my education, experience and project accomplishments. By stating that my performance is inferior to that of my fellow staff

members while refusing to provide specific information about the comparisons is humiliating and demoralizing.

My downgraded performance evaluations are nothing more than a pretext designed to justify WMRC management continuing to pay me a lower salary than they pay to other non-Black staff members who have similar education, experience and actual job accomplishments. I complete my projects and assignments with less supervision and less assistance than my fellow staff members. WMRC continues to pass over me for promotion, salary increase and opportunity. The continued humiliation has been stressful to me and has created a hostile work environment for me. WMRC has a disparate pay system. The organization has discriminatory hiring and salary practices. I have been paid an unequal wage and discriminated against in pay and professional recognition due to my race, national origin, ancestry, ethnicity, religion, age and in retaliation for previously filing job discrimination complaints and lawsuits.

I declare under penalty of perjury that the above is true and correct.

_2-29-08_
Date

_Jerry C. Brown_
Charging Party Signature

Sworn and ascribed before me this _29th_ day of February 2008.
_State of Illinois, County of Cook_
_Roshanda S Brown_ Exp 6/14/10

```
OFFICIAL SEAL
ROSHANDA S BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/14/10
```

## Minutes
### Board of Natural Resources and Conservation
### May 17, 2007
### Champaign, Illinois

## CALL TO ORDER

The meeting of the Board of Natural Resources and Conservation was called to order at 8:40 a.m. on May 17, 2007 by Leslie Sgro, Chairman.

Damon Stotts read a letter from Governor Blagojevich appointing Dr. David Gross to the Board of Natural Resources and Conservation effective May 14, 2007.

| Members Present | Members Absent |
|---|---|
| Ms. Leslie Sgro | Ms. Ada Nielsen |
| Dr. John Ebinger | Dr. Chris Kohler |
| Dr. David Gross | |
| Mr. John Rogner | |
| Ms. Kay Whitlock | |
| Dr. Charles Zukoski | |

**Others Present**

Mr. Damon Stotts, Chief of Operations, OSRA/DNR
Mr. Stan Yonkauski, Legal Counsel, DNR
Dr. David Thomas, Chief, Illinois Natural History Survey (INHS)
Ms. Sue Key, Assistant to the Chief for Administration, INHS
Cathy Bialeschki, Adminstrative Assistant to Chief, INHS
Dr. Nohra Mateum-Pinilla, INHS
Dr. William Shilts, Chief, Illinois State Geological Survey (ISGS)
Dr. Donald McKay, Assistant Chief, ISGS
Ms. Deb Griest, Assistant to the Chief for Finance and Personnel, ISGS
Dr. Derek Winstanley, Chief, Illinois State Water Survey (ISWS)
Ms. Joyce Changnon, Assistant Chief for Administration, ISWS
Dr. George Vander Velde, Director, Waste Management and Research Center (WMRC)
Ms. Kate Day, Manager Human Resources and Finance, WMRC

## WELCOME AND INTRODUCTIONS

Chairman, Leslie Sgro welcomed all and thanked the Natural History Survey for taking care of the arrangements for the meeting.

## APPROVAL OF AGENDA

John Ebinger moved for approval of the agenda. The motion was seconded and carried.

## APPROVAL OF MINUTES

Kay Whitlock asked that the salary adjustment on Page 3 of the minutes for the Natural History Survey IDOT staff reflect for additional duties/responsibilities. John Ebinger moved for the approval of the minutes of the meeting of February 22-23, 2007 as corrected. The motion was seconded and carried.

## DATE & LOCATION OF AUGUST MEETING

The next meeting will be hosted by the State Geological Survey on August 15-16, 2007. The meeting will be held in Champaign with a field trip in the Champaign area. Bill was asked to see if it would be possible to move the date and report back to the Board–if not it was decided that the dates would be kept as originally scheduled.

## CHAIRMAN'S REPORT

Leslie Sgro reported that the Natural Areas Inventory contract would be in place in the next couple of months

Damon Stotts reminded the Board that they needed to complete the Ethics Training and forward the signed acknowledgment to him as soon as possible.

## COMMITTEE REPORTS AND APPROVAL OF ACTIONS BY THE PERSONNEL AND SALARY COMMITTEES

Kay Whitlock moved to approve the action of the Personnel Committee concerning the following appointments:

Dr. Clay Nielsen, Wildlife Ecologist (Assistant Professional Scientist) at the Natural History Survey effective upon his negotiated start date

Dr. Michael Douglas, Division Director of Division of Ecology and Conservation Science (Professional Scientist) at the Natural History Survey effective upon his negotiated start date

Dr. Marlis Douglas, Icthyologist (Assistant Professional Scientist) at the Natural History Survey effective upon her negotiated start date

Dr. Yong Cao, Stream Ecologist (Assistant Professional Scientist) at the Natural History Survey effective upon his negotiated start date

Dr. Jason Thomason, Associate Hydrogeologist Mapper, (Associate Professional Scientist) at the

State Geological Survey effective upon his negotiated start date
Dr. Yevgeniy Kontar, Section Head/Geophysics Section (Sr. Professional Scientist) at the State Geological Survey effective upon his negotiated start date

Dr. Felipe Soto-Adams, Insect Systematist (Assistant Professional Scientist) at the Natural History Survey effective upon his negotiated start date

Mr. John P. Grube, Reservoir Geologist (Professional Scientist) at the State Geological Survey effective June 1, 2007

The motion was seconded and carried.

John Ebinger moved to approve the action of the Personnel Committee concerning the following Emeritus Appointments:

Richard A. Cahill, Senior Chemist Emeritus, at the State Geological Survey effective upon his retirement on July 1, 2007

Dr. Eli Levine, Professional Scientist Emeritus, at the Natural History Survey effective April 1, 2007

The motion was seconded and carried.

Kay Whitlock moved to approve the action of the Personnel Committee concerning the following Remote Assignment:

Dr. John Epiganio, Center Director of Aquatic Ecology at the Natural History Survey, effective September 2007 through January 2008 to conduct research with colleagues at Georgetown University

The motion was seconded and carried

Kay Whitlock moved to approve the action of the Personnel Committee concerning the following Program Reorgization:

Due to announced retirement of Dr. Marv Piwoni, a reorganization within the research program at the Waste Management and Research Center with transfer of leadership to Dr. Kishore Rajagopalan and appropriate salary adjustment. Reorganization effective April 1, 2007

The motion was seconded and carried

David Gross moved to approve the action of the Salary Committee concerning the following Salary Adjustments for additional duties/responsibilities:

a 4% merit based average salary increase and a 3% budget neutral annual set-aside to allow the Chiefs flexibility in managing the Surveys. The motion was seconded and carried. Chip will write a draft and circulate it to the members with the final document coming from Leslie as Chair and Kay as Secretary.


**BOARD/CHIEFS INTERACTIONS - *Survey Activity Updates***

*State Geological Survey*

Chief Shilts gave a report on the following:

- Congressional Interactions for the period 1997-2007
- 2007 Multi-State Capitol Hill Visits
- 2007 House Multi-State delegation letter and written testimony
- 2007 Stakeholder letter campaign
- Status of mapping in northeastern Illinois

*State Water Survey*

Chief Winstanley gave a report on the following:

- Gave an update on the Water Supply Planning Initiative

*Waste Management and Research Center*

Director Vander Velde gave a report on the following:

- Biodiesel Demonstration Program
- Gary Miller wins MVP2 award at 2007 National Pollution Roundtable Conference
- Region Five Sustainability Network

*Natural History Survey*

Chief Thomas gave a report on the following:

- Distributed a pamphlet on the Programs and Services at the Survey
- INHS Building update
- Capital requests
- Status on searches
- A 6-month update on the reorganization
- An update on the Information Services program
- West Niles Virus program update
- Plans for the 150th INHS anniversary
- Staff members who had been in the news

Brown
1520 Lee Blvd.
Berkeley, IL 60163
708/544-2994

February 29, 2008

EEOC
500 W Madison St
Chicago, IL 60661

RE:     Discrimination Charge Filed by Jerry Brown on February 29, 2008 against Illinois
        Department of Natural Resources (IDNR) Waste Management and Research
        Center (WMRC)

I am requesting that EEOC investigate this charge against IDNR as a class action. IDNR
should be able to provide information on its hiring, salary and promotion practices
regarding professional Black employees. It is my belief that professional Blacks: receive
lower starting salaries than professional non-Blacks for similar positions; are given
smaller salary increases than professional non-Blacks; are paid less across-the-board for
doing the same work as professional non-Blacks and are given less opportunity for
advancement than professional non-Blacks.

Sincerely,

*Jerry C Brown*

Jerry C. Brown

Sworn and ascribed before me this *29th* day of February 2008.
*State of Illinois, County of Cook*
*Roshanda S Brown* — Exp 6/14/10

OFFICIAL SEAL
ROSHANDA S BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/14/10

EEOC Form 161 (2/08)                     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jerry C. Brown<br>1520 Lee Blvd.<br>Berkeley, IL 60163<br><br>CERTIFIED MAIL 7000 1670 0012 6742 6090 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03551 | Donald Marvin,<br>Investigator | (312) 353-8198 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed** <u>**WITHIN 90 DAYS**</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>**more than 2 years (3 years)**</u> before you file suit may not be collectible.

On behalf of the Commission

_John P. Rowe_                                    6-6-08

Enclosures(s)

John P. Rowe,
**District Director**                               (Date Mailed)

cc:     IL DEPT OF NATURAL RESOURCES

APPENDIX D