UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF ILLINOIS,<br><br>      Defendant. | No. 10 C 6104<br><br>Magistrate Judge Mary M. Rowland |

## ORDER

Plaintiff's Motion for Reconsideration [170] is **DENIED**.

## STATEMENT

Plaintiff seeks reconsideration of the Court's January 16, 2014 Order, which granted in part Plaintiff's Motion to Reconsider the Court's November 21, 2013 Order. In the January 16, 2014 Order, the Court reiterated that res judicata bars Plaintiff's disparate pay claim for conduct that occurred prior to February 9, 2008.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *see Keene Corp.*, 561 F. Supp. at 665 ("Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion."). "A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Ahmed*, 388 F.3d at 249 ("It's as if the movant, when he appealed, had filed two copies of his appeal brief, and when his appeal was rejected asked us to read the second copy.").

Plaintiff contends that in the *Brown I* case, Judge Zagel "rejected any link between Plaintiff's performance evaluation and Plaintiff's career advancement." (Mot. 2). Plaintiff argues that "[b]y declaring that there was no link between performance evaluation and salary increase, the [*Brown I*] Court did not examine the merits of

Plaintiff's claim and make a ruling on whether or not Defendant had a disparate pay system. Therefore no final decision was made and res judicata does not apply." (*Id.*). Thus, Plaintiff asserts that he should be able to "fully litigate his pay claim" without any temporal limitations. (*Id.*).

Plaintiff's res judicata arguments have been raised and rejected on several occasions—both in hearings and in response to motions. Indeed, as this Court explicitly noted in the January 16, 2014 Order, Judge Gettleman admonished Plaintiff in this case that to the extent he is challenging Defendant's pay system between September 12, 2006, and February 9, 2008, "*those claims are indeed barred by res judicata.*" (Dkt. 53 at 5) (emphasis added); (*accord* Dkt. 122 at 3). Plaintiff's novel interpretation of Judge Zagel's decision does not constitute a manifest error of law or fact or newly discovered evidence sufficient to warrant reconsideration.

Plaintiff's motion is without merit. On November 8, 2011, the *Brown I* Court granted summary judgment against Plaintiff on all counts, ruling that any claims arising before September 12, 2006, were time-barred and that based on *all the evidence*, Plaintiff had failed to make a prima facie case of discrimination for *any discrete acts* that took place between September 12, 2006, and February 9, 2008, including Plaintiff's allegation that Defendant had a disparate pay system. *Brown v. Ill. Dep't of Nat'l Res.*, No. 07 C 7080, 2011 WL 5403466, at *1–3 (N.D. Ill. Nov. 8, 2011). Contrary to Plaintiff's argument, Judge Zagel's opinion is a *final decision* on the merits of *all* Plaintiff's claims made in that case. On appeal, the Seventh Circuit affirmed, ruling that Brown "presented no evidence that [IDNR] treated similarly situated white employees more favorably." *Brown v. Ill. Dep't of Nat'l Res.*, 519 F. App'x 930, 932 (7th Cir. 2013), *cert. denied*, No. 13-6860, 2013 WL 5594777 (U.S. Dec. 16, 2013). Thus, regardless of what evidence Judge Zagel chose to identify in his opinion, Plaintiff had a full opportunity to litigate his disparate pay claim—and he failed to prove his allegations. As Judge Gettleman noted in his February 14, 2012 Opinion in this case, Plaintiff *cannot* seek to relitigate his disparate pay claim by *now* alleging a different theory for the same harm. (Dkt. 53 at 5) ("The 'same operative facts' requirement means that when a plaintiff wants to sue under different theories for the same harm, he must bring all of those claims in one action.").

**The Court will not entertain any other motions on this issue.**

Dated: April 15, 2014

*Mary M Rowland*