# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN, | |
| Plaintiff, | No. 10 C 6104 |
| v. | |
| UNIVERSITY OF ILLINOIS, | Magistrate Judge Mary M. Rowland |
| Defendant. | |

## ORDER

Plaintiff's Expedited Motion for Court to Extend the Date for Close of Discovery [168] is **DENIED**. Plaintiff is **ORDERED** to take the depositions of Drs. Rajagopalan and Miller during the week of April 21, 2014, as previously scheduled.

## STATEMENT

**Background**

Plaintiff filed his *pro se* Complaint on September 23, 2010, alleging discrimination and retaliation in violation of Title VII. This is Plaintiff's fifth Title VII lawsuit against the University or its predecessor, the Illinois Department of Natural Resources; the previous four were all dismissed on summary judgment, finding that Plaintiff failed to make out a prima facie case of discrimination.[1]

During 2010 and 2011, the parties conducted limited discovery in relation to Defendant's motion to dismiss. (Dkt. 32, 36, 39). On February 14, 2012, the District Judge denied the motion to dismiss. (Dkt. 53). On April 4, 2012, the District Judge set a discovery cutoff of October 25, 2012, and referred the matter to the Magistrate Judge for discovery supervision and settlement. (Dkt. 54, 55). On November 1, 2012, the Magistrate Judge granted Defendant's motion for extension of time and continued the discovery cutoff until February 22, 2013. (Dkt. 71, 74).

On January 18, 2013, Plaintiff filed an unopposed motion to extend discovery, asserting that he needed time to propound additional discovery requests and to file

---

[1] *Brown v. Ill. Dep't of Nat'l Res.*, No. 02 C 0398 (N.D. Ill. filed Jan. 17, 2002) (Nordberg, J.); *Brown v. Ill. Dep't of Nat'l Res.*, No. 05 C 2460 (N.D. Ill. filed April 25, 2005) (Shadur, J.); *Brown v. Ill. Dep't of Nat'l Res.*, No. 07 C 2808 (N.D. Ill. filed May 18, 2007) (Holderman, J.); *Brown v. Ill. Dep't of Nat'l Res.*, No. 07 C 7080 (N.D. Ill. filed Dec. 17, 2007) (Zagel, J.), *aff'd*, No. 11-3732 (7th Cir. Mar. 19, 2013) .

a motion to compel. (Dkt. 83). On February 7, 2013, the Court granted the motion, extending discovery until April 19, 2013. (Dkt. 92). On February 26, 2013, the parties agreed to conduct settlement discussions, and the Court vacated the discovery cutoff date. (Dkt. 96). After being postponed several times, an unsuccessful settlement conference was held on October 22, 2013. (Dkt. 109).

On October 28, 2013, the Court reset the close of discovery for February 28, 2014, admonishing the parties that this was "a firm deadline." (Dkt. 110). On November 21, 2013, the Court reminded the parties that discovery closes on February 28, 2013, admonished Plaintiff to conduct his depositions prior to that date, and ordered Defendant's deposition of Plaintiff to be conducted on February 28, 2014. (Dkt. 114). The Court explicitly stated that the "[discovery cutoff] date will not be extended." (*Id.*). On January 8, 2014, the Court ordered Plaintiff to "submit to Defendant the names and dates for depositions he wishes to take by January 10, 2014." (Dkt. 119). On January 17, 2014, the Court granted Defendant's motion for protective order related to Plaintiff's deposition notices in part, reiterating that discovery closes on February 28, 2014, and would not be extended. (Dkt. 124).

On January 21, 2014, Plaintiff filed an expedited motion to extend discovery, arguing that his efforts to conduct discovery have been thwarted by the "considerable amount of time and effort [he has] expended on discovery disputes." (Dkt. 125 at 5). He asserted that because of his *pro se* status and working at a job, he has not had "time to sort through Defendant's various answers to determine what additional information is needed." (*Id.* at 6). Plaintiff also complained that Defendant "repeatedly cites *res judicata* as an objection," requiring Plaintiff to file motions to compel. (*Id.*). On January 22, 2014, the Court granted Plaintiff's motion, allowing the parties an additional six weeks to complete discovery:

> Discovery closes on April 15, 2014. No further extensions will be granted. The Court recognizes that Plaintiff is *pro se* and is, therefore, granting the extension. However, the Court is concerned that Plaintiff is focused on issues that have been litigated in previous cases and are not at issue here. Therefore, there will be no further extensions.

(Dkt. 127).

On February 19, 2014, Plaintiff filed another motion for extension of time to complete discovery. (Dkt. 144). In this motion, he stated that because he would not receive some discovery responses until March 1, he would be unable to prepare for depositions prior to the April 15 deadline. (*Id.* at ¶ 2). Plaintiff also argued that he needed additional time because of Defendant's "delaying tactics [and] incomplete discovery answers." (*Id.* at ¶ 3). On February 25, 2014, the Court denied Plaintiff's motion:

> On January 7, 2014, this Court, at Plaintiff's request, extended discovery until April 15, 2014. This case was filed in September of 2010 and, the last time the parties appeared before this Court, not a single deposition had been completed. Plaintiff complains that the Court ordered

> Defendant to produce certain discovery information, but gave Defendant until March 1, 2014 to do so. But that Order only concerned the Defendant's obligation to respond to Requests to Admit, which will have no impact on the course of the depositions in this case. The Court has repeatedly warned the parties that the discovery deadline would not be extended. Discovery closes on April 15, 2014.

(Dkt. 153).

On March 17, 2014, Plaintiff filed yet another motion for extension of time to complete discovery, arguing that Defendant's witnesses are unavailable for depositions prior to March 31. (Dkt. 154 at ¶¶ 4–6). Plaintiff also asserted that he "is still seeking discovery information that Defendant claims is barred by *res judicata*." (*Id.* at ¶ 3). On March 20, 2014, the Court denied the motion but allowed the deposition of Mr. Brown to be conducted outside of the close of discovery. After consultation with the parties, the Court entered the following order:

> The parties have agreed to the following deposition schedule: Dr. Rajagopalan and Dr. Miller (April 1, 2014); Ms. Jacobson (April 9, 2014); Dr. Lindsey (April 15, 2014). The parties are granted leave to conduct the deposition of Mr. Brown outside the close of discovery, as long as that deposition is completed by April 25, 2014.

(Dkt. 157).

On March 24, 2014, Plaintiff filed a motion to compel discovery *and extend the discovery cutoff date*. (Dkt. 158). He set that motion to be heard on April 1, 2014, (Dkt. 161), thereby indicating that the depositions of Drs. Rajagopalan and Miller would not proceed on April 1, 2014 as ordered because they were to be conducted out-of-town. This Court ordered the parties to proceed with the depositions and set the motion over to April 3, 2014, (Dkt. 162), but the depositions were not taken as ordered. In his motion for extension, Plaintiff requested an additional 75 days, arguing that Defendant has refused to produce key documents and the Magistrate Judge refused to allow him to conduct a Rule 30(b)(6) deposition. (*Id.* at 3–4). On April 3, 2014, the Court denied Plaintiff's request to extend discovery but had little choice than to reset the previous deposition schedule, again after consultation with the parties:

> The Court's March 20 and March 28 Orders are revised as follows. The parties are ordered to complete the depositions of Drs. Rajagopalan and Miller during the week of April 21, 2014. The deposition dates for Ms. Jacobson and Dr. Lindsey are stricken. At the next status hearing on April 29, 2014, the parties shall be prepared to discuss whether any other depositions are needed and by what dates they will be completed.

(Dkt. 164 at 3). The Court also reminded Plaintiff that it had never refused to allow him to conduct a Rule 30(b)(6) deposition. (*Id.*). Instead, the Court had stricken the Rule 30(b)(6) notice as being overbroad and instructed Plaintiff to narrow the topics and refile his notice with the proposed topics. (*Id.*; *see* Dkt. 122 at 3).

## Motion

Ten days after receiving the last ruling, Plaintiff filed the instant motion, seeking again to extend the discovery cutoff. This is his fourth since the April 15 deadline was set. He argues that an extension is warranted because he "has had to use about three months of discovery time just to get the matter of Defendant's use of *res judicata* sorted out and placed in its proper perspective." (Mot. 3). He contends that he "must now go through all its discovery documents, interrogatory answers and requests to admit in order to challenge Defendant's answers that were based on *res judicata*." (*Id.*). Plaintiff asserts that he cannot proceed with depositions prior to having "complete discovery information." (*Id.* 4). In sum, Plaintiff argues that he "should be allowed time to review all of Defendant's discovery responses and then allowed time to bring any discovery disputes, especially where Defendant claimed *res judicata* as a reason for not answering or for limiting an answer, before the Court." (*Id.*).

While the Court is mindful that Plaintiff is *pro se* and must balance litigating his case with his other personal obligations, the Court is left with the conclusion that Plaintiff is unnecessarily using delaying tactics to avoid taking depositions and completing fact discovery. As discussed above, on two occasions, the Court—*with Plaintiff's express approval*—has set a specific deposition schedule, only to have Plaintiff later attempt to come up with reasons why he is not ready to take the depositions. On the eve of the April 1 depositions, he unilaterally canceled the depositions. This was unfair to the witnesses, counsel, and Defendant.

Plaintiff's reasons for the extension have no merit. As the Court explained in its order yesterday denying Plaintiff's motion for reconsideration, Plaintiff has long misapprehended the Court's orders regarding the permissible scope of discovery. (Dkt. 172). While Plaintiff is entitled to *reasonable* discovery on his unlawful termination claim, unless and until he identifies *any* support for his contention that Defendant's alleged disparate pay system was a factor in the elimination of his position, the Court will not allow him to conduct a fishing expedition on this topic. He may, however, inquire at the depositions about his contention: "Plaintiff may ask deponents whether a *disparate* pay system or the *downgrading* of Plaintiff's performance evaluations was a consideration or factor in the decision to eliminate Plaintiff's position." (Dkt. 137 at 2) (emphasis in original); (*accord* Dkt. 164 at 2). Plaintiff has long had sufficient information to allow him to adequately prepare for depositions.

After the unsuccessful settlement discussions, the parties were advised on several occasions that discovery would close on February 28, 2014. However, on January 7, 2014, and largely because Plaintiff is *pro se* and has other obligations, the Court granted Plaintiff's motion and extended the discovery cutoff until April 15, 2014. The Court has emphasized to the parties on several occasions—both in orders and at hearings—that no further extensions would be granted. Despite these admonishments, Plaintiff has filed three previous requests for extensions, and each time the Court has denied them, emphasizing that no further extensions are war-

ranted. Nevertheless, the Court has in effect given the parties additional time to complete oral discovery since the depositions will be completed outside the close of discovery.

Plaintiff shall take the depositions of Drs. Rajagopalan and Miller during the week of April 21, 2014, as previously ordered. (Dkt. 164 at 3). The Court will set the remaining depositions at the status hearing set for April 29. 2014 at 9:00 AM.


Dated: April 16, 2014                                    *Mary M Rowland*